## H. CARL v. H. C. YOUNG et al.

*A creditor can only proceed against his debtor's debtor by citing him to answer interrogatories.*

APPEAL from the District Court of East Baton Rouge, *Robertson*, J.
*G. S. Lacey*, for plaintiff and appellant. *A. M. Dunn*, for defendant.

SLIDELL, C. J. (VOORHIES, J., absent.) *Henry Carl*, having been subrogated to the rights of *Bonner & Smith*, upon a twelve months' bond, signed by himself as security, and *Eunice Lilly* as principal, caused an execution to be issued. No property of *Eunice Lilly* having been found, the Sheriff seized the rights and credits belonging to her in the hands of *Henry C. Young* and *Sarah Louden*, and then the petition was filed in this suit, stating the seizure, alleging that they were indebted to *Eunice Carl* in an amount more than sufficient to satisfy the writ, and asking judgment against them. To this mode of proceeding, the defendants excepted, on the ground that no interrogatories having been propounded to the defendants, the action would not lie. The exception was sustained and the plaintiff has appealed.

We find no error in the judgment. As a general rule, a debtor is subject to the pursuit of his creditor, and not of the creditor of his creditor. To facilitate judgment creditors in the collection of their claims, the remedy of the statute of 1839 was given, and those who desire its benefit, must exercise the remedy in the manner provided by the statute, to wit, by citing the third person to answer interrogatories.

Jugment affirmed; costs of appeal to be paid by appellant.